UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                                               :
MARCO VERCH,                                                   :
                                                               :
                              Plaintiff,                       :
                                                               :
        -v-                                                    :
                                                               :
BLOCKCHAIN TECHNOLOGIES CORPORATION,                           :
                                                               :
                              Defendant.                       :
                                                               :
----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/30/2021__

20-cv-2631 (LJL)

MEMORANDUM &
ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Marco Verch ("Verch" or "Plaintiff") moves, pursuant to Federal Rule of Civil

Procedure 55(b)(2), for a default judgment against Defendant Blockchain Technologies

Corporation ("Blockchain Technologies" or "Defendant").  For the following reasons, Plaintiff's

motion is granted.

## FACTUAL BACKGROUND

The following facts are drawn from Plaintiff's complaint and are accepted as true for

purposes of this motion.

Verch is a professional photographer based in Germany.  Dkt. No. 1 ¶ 5 ("Compl." or the

"Complaint").  Verch licenses his photographs to online and print media for a fee.  *Id.*

Blockchain Technologies is a New York corporation with its principal place of business in New

York City.  *Id.* ¶ 6.  Blockchain Technologies operates a Twitter page and a website at the URL:

www.BitcoincenterNYC.com.  *Id.*

Verch photographed a golden bitcoin and the South Korean flag (the "Photograph"), *id.*

¶ 7, and registered the Photograph with the United States Copyright Office.  *Id.* ¶ 9.  The

copyright became effective on March 13, 2018.  Dkt. No. 13 ¶ 13; Dkt. No. 13-5 at 2.  On July

24, 2018, Blockchain Technologies ran an article on its website and on its Twitter page entitled

*South Korea's Financial Services Commission Announces Cryptocurrency Division*.  Dkt. No.

1-2; Compl. ¶ 10.   The Photograph was featured in the article.  In addition, Blockchain

Technologies featured the Photograph on its website.  Compl. ¶ 10.  Blockchain Technologies

did not license the Photograph from Verch.  *Id.* ¶ 11.

## PROCEDURAL BACKGROUND

Plaintiff filed the Complaint in this Court on March 28, 2020, alleging that Defendant had

infringed upon Plaintiff's copyright.  *Id*. ¶¶ 12-18.  Defendant was served on April 3,2020, but

has not answered the Complaint.  Dkt. No. 5.  On August 12, 2020, the Clerk entered a

Certificate of Default as to Blockchain Technologies.  Dkt. No. 11.  On August 15, 2020,

Plaintiff moved for a default judgment.  Dkt. No. 12.

## DISCUSSION

### A.    Jurisdiction

This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Court

accordingly has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  The Complaint also is

supported by well-pled allegations as to personal jurisdiction.  Those allegations include that

Blockchain Technologies is a New York corporation and transacts business in New York, and

thus the Court has personal jurisdiction over Defendant.  Compl. ¶¶ 3, 6.

### B.    Liability

The allegations in the Complaint, accepted as true, are sufficient to establish liability

under the Copyright Act.  Plaintiff alleges he has a copyright in the Photograph.  *Id.* ¶ 9; *see also*

*Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 2021 WL 1148826, at *2, *10-*11

(2d Cir. Mar. 26, 2021) (discussing copyrightability of photographs under federal copyright law). Plaintiff has attached to the Complaint as exhibits an image of the Photograph, Compl., Ex. A, and an image of the use of the Photograph on Defendant's website, *id.*, Ex. B.  The images are identical.  These allegations are sufficient to make out a claim for copyright infringement.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.").

### C.   Statutory Damages

Plaintiff seeks to recover $30,000 in statutory damages under 17 U.S.C. § 504(c)(1).  An infringer of a copyright is liable for either "(1) the copyright owner's actual damages and any additional profits of the infringer" or "(2) statutory damages . . . in a sum of not less than $750 or not more than $30,000 as the court considers just."  17 U.S.C. §§ 504(a), (c)(1).  "The court has broad discretion to select the amount of the damages award within the pertinent statutory range." *Parsons v. Bong Mines Ent. LLC*, 2021 WL 931506, at *8 (E.D.N.Y. Feb. 18, 2021).

In exercising its discretion to determine the amount of statutory damages to award in a copyright infringement case, courts consider six factors set forth in *Bryant v. Media Right Products, Inc.*, 603 F.3d 135 (2d Cir. 2010):

> (1) the infringer's state of mind, (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Id*. at 144.

With respect to the first factor, Plaintiff has not put forth any evidence to show that Defendant's conduct was willful.  *See Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 374

3

(S.D.N.Y. 2020) (holding that a default does not show willfulness).  Nor has Plaintiff put forward any evidence for the Court to consider about the second or third factors, having presented no attempt to calculate the loss Plaintiff suffered or the amount of Defendant's unlawful gain through the infringement.  As for the fourth factor, Plaintiff has declared only that he "seeks statutory damages as a deterrent to willful infringers."  Dkt. No. 14 ¶ 6.  But Plaintiff has not alleged that Defendant "is, in fact, a serial copyright infringer, or that it continues to infringe copyrights in spite of repeated notices of infringement."  *Parsons*, 2021 WL 931506, at *9.  Without further factual development, the fourth factor weighs against a substantial statutory damages award.  Nor has Plaintiff put forward evidence that the infringer has not cooperated, except to the extent that Defendant has defaulted, which the Court does not view as probative.  *See Spin Master*, 463 F. Supp. 3d at 374 (holding that, while some courts view a default as evidence of non-cooperation, "it is more appropriate to look to whether the defendant has engaged in an effort to conceal the fact or scale of its wrongdoing or to mislead the plaintiff or the court about the existence or scale of counterfeiting").  Finally, the sixth factor does not favor one party or the other.

In considering a single use copyright infringement case such as this one, courts in this Circuit have typically awarded statutory damages in an amount between $1,000 and $5,000.  *See, e.g.*, *Hirsch v. Sell It Social, LLC*, 2020 WL 5898816, at *5 (S.D.N.Y. Oct. 5, 2020) (awarding $5,000 in statutory damages for a single use infringement where plaintiff had not presented evidence of licensing fee history or actual losses); *Idir v. La Calle TV, LLC*, 2020 WL 4016425, at *3 (S.D.N.Y. July 15, 2020) (awarding $2,500 in statutory damages where "the need to deter such conduct justifies an award greater than the minimum of $750, but a higher award is not warranted where there is no evidence of actual losses or additional evidence of willfulness on the

part of the defendant"); *Verch v. Sea Breeze Syrups, Inc.*, 2020 WL 7407939, at *4 (E.D.N.Y. Aug. 20, 2020) (awarding $1,000 in statutory damages where "there is only one alleged act of infringement, there are no cease-and-desist letters, there are no requests for injunctive relief, the usual licensing fee has not been provided, and there is no evidence of actual harm").

In light of the Court's consideration of the six factors and the statutory damages calculations of other courts in this Circuit, the Court concludes that Plaintiff is entitled to a statutory damages award of $2,000.  The Court has performed this analysis in the absence of full, adversarial briefing, and in a different case, where both sides have briefed their positions, there may be a different outcome.

### D.    Attorney's Fees

Plaintiff also seeks $1,275 in attorney's fees and $440 in costs in connection with the default.  In determining whether to award attorney's fees, "district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively reasonable; and (4) compensation and deterrence."  *Bryant*, 603 F.3d at 144 (internal citations omitted).  "The third factor—objective reasonableness—should be given substantial weight."  *Id.*  In this case, Plaintiff's fee is warranted.

In support of his application for attorney's fees, Plaintiff's counsel has submitted billing records indicating that he worked three hours on this case at a rate of $425 per hour.  "Courts in this district have approved . . . partner rates up to $500 in copyright cases."  *Idir*, 2020 WL 4016425, at *4 (collecting cases).  The three hours consisted of drafting the complaint, preparing the motion for a default judgment, and other related activities.  Without passing on whether the $425 fee for a case such as this would always be appropriate, the aggregate bill of $1,275 is

reasonable.  Accordingly, the Court grants counsel's application for $1,275 in fees for the three hours he expended on the matter.

Counsel also seeks $440 for the $400 filing fee and the $40 personal service fee. "Attorneys' fees may include reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."  *Idir*, 2020 WL 4016425, at *4 (quoting *Reilly v. Commerce*, 2016 WL 6837895, at *13 (S.D.N.Y. Oct. 31, 2016)).  Thus, the request for $440 in costs is granted.

## CONCLUSION

Default judgment is GRANTED against Defendant in the amount of $2,000.  Plaintiff's request for $1,275 in fees and $440 in costs is also GRANTED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 12, enter judgment, and close the case.

SO ORDERED.

Dated: March 30, 2021
       New York, New York

_____
              LEWIS J. LIMAN
          United States District Judge